United States District Court
Southern District of Texas
**ENTERED**
May 25, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EUGENE RICHARDS | § | |
|     *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:15-CV-01720 |
| | § | |
| THE UNIVERSITY OF TEXAS | § | |
| MD ANDERSON CANCER CENTER, | § | |
|     *Defendant*. | § | |

## MEMORANDUM AND ORDER

Before the Court are two motions filed by Defendant UTMDA: (1) Defendant's motion for sanctions (Dkt. 24), and (2) Defendant's motion for leave to serve a subpoena beyond the discovery deadline (Dkt. 29). Both were referred to this magistrate judge by District Judge David Hittner. Dkt. 25, 30. The motions were argued at a hearing held on May 18, 2016.

**A. The Court grants UTMDA's motion for monetary sanctions.**

On September 30, 2015, UTMDA served Plaintiff Richards with its first set of discovery requests. Dkt. 24 at 2. Richards failed to respond, and UTMDA filed a motion to compel responses on February 26. *See* Dkt. 19. Richards failed to respond to that motion as well; therefore, the motion was treated as unopposed and granted. Dkt. 23. The Court ordered Richards to fully answer the discovery requests by March 31 and warned him that his failure to comply would result in "appropriate sanctions." *Id.*

UTMDA now moves for sanctions, arguing that the responses provided are clearly deficient, evasive, and non-responsive. Dkt. 24 at 3. At the hearing, UTMDA specifically pointed to Richards's answers to Interrogatories 2 and 4, both of which seek information concerning the factual basis of Richards's discrimination claims, asking Richards to describe the discriminatory acts involved and identify any instances of alleged retaliation. *See* Dkt. 24-1 at 8–9. Richards's response to both was simply "See attached"—apparently a reference to documents produced in response to UTMDA's production requests, though no documents were specifically identified in either response. *Id.* Richards contends that this two-word response "complied fully with the Court's order to respond." Dkt. 26 at 3. The Court disagrees.

Federal Rule of Civil Procedure 37(b) allows a court to impose sanctions for failing to comply with a discovery order. The potential sanctions include dismissal of the action and prohibiting the disobedient party from supporting designated claims. *See* FED. R. CIV. P. 37(b)(2). Regardless of whether the court elects to impose these more severe sanctions, under Rule 37(b)(2)(C), the court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure," unless the award would be unjust under the circumstances.

Under these circumstances, an award of fees and costs is appropriate. Richards had over six months to respond to UTMDA's discovery requests. Instead, he completely ignored the response deadline, requiring this Court to order a full response to UTMDA's long-pending discovery requests. The ten interrogatories were simple and to-the-point, requesting information directly relevant to Richards's claims. Richards responded simply with "See attached" or "Will supplement according to F.R.C.P." These responses are clearly insufficient, failing to describe the factual basis of Richards's claims in even minimal detail. Moreover, the requests that Richards responded to with "Will supplement" sought information and documents that were already within Richards's knowledge and possession, such as records of previous employment and tax returns. *See* Dkt. 24-1 at 5, 10. Richards presents no excuse for withholding this information when he had six months to prepare it.

UTMDA argues that dismissal of the case with prejudice is warranted here. The Court declines to impose such an extreme sanction. At the hearing, Richards's counsel argued that he believed UTMDA's motion to stay discovery (Dkt. 14) gave Richards cause to delay responding to the discovery requests. That motion, however, was pending at the time Richards's responses were due, and it was later denied by Judge Hittner. *See* Dkt. 21. Therefore, the Court finds that Richards's noncompliance stems, at least in part, from counsel's failure to advise his client of

the proper discovery deadlines and the seriousness of failing to comply with the Court's order.

The Court grants UTMDA's motion for monetary sanctions and awards to UTMDA the fees and expenses resulting from Richards's noncompliance. This award is to be assessed against Richards's counsel of record. By May 31, 2016, UTMDA's counsel will submit to the Court an affidavit listing the fees and expenses sought under Rule 37(b)(2)(C).

### B. The Court denies UTMDA's motion for leave to serve subpoena.

UTMDA also moves for leave to serve Jarvis Williams with a subpoena beyond the discovery period. Dkt. 29. UTMDA deposed Richards on April 26. *See* Dk. 29-1. Jarvis Williams, who has made no appearance in this case, defended Richards and made objections on the record throughout the deposition. *See id.* at 12–13, 15–17, 24–25, 28, 31, 83, 88, 91, 93, 98, 106, 120–22. UTMDA later discovered that Williams is not licensed to practice law in the state of Texas and was not authorized to practice law in any jurisdiction at the time of the deposition. UTMDA seeks leave to subpoena Williams and depose him as a fact witness in this matter, arguing that the attorney-client privilege does not protect any communications between Williams and Richards.

The Court is troubled by what appears to be significant evidence of Williams's unauthorized practice of law, and it will be referring this matter for

disciplinary proceedings. The Court is not persuaded, however, that Williams possesses knowledge of information relevant to the claims at issue in this case. Therefore, the Court denies leave to serve the subpoena.

Signed at Houston, Texas, on May 24, 2016.

Stephen Wm Smith
United States Magistrate Judge